IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONYA DAVIS
as Parent and Natural Guardian, on
behalf of John Doe, a Minor Child,

   Plaintiff,

    v.

THE DOUGLAS COUNTY SCHOOL
SYSTEM a political Subdivision of the
State of Georgia, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-2192-TWT

**OPINION AND ORDER**

This is an action under the Americans with Disabilities Act. It is before the Court on the Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies, or in the Alternative, Motion for Summary Judgment [Doc. 8], which is GRANTED.

### I. Background

The Plaintiff, Tonya Davis, brings claims on behalf of her minor child, John Doe, against the Douglas County School District and its superintendent, Gordon

Pritz.[1] John Doe is a student in Douglas County who uses a wheelchair to ambulate.[2] The Plaintiff claims that her son's school, Fairplay Middle School, is not wheelchair accessible.[3] In her Complaint, the Plaintiff alleges that the wheelchair access barriers force her son to focus on his safety instead of his studies.[4] Based on this, the Plaintiff asserts claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Although the Plaintiff requested that her son be transferred to another, more accessible school,[5] she never requested a due process hearing under the Individuals with Disabilities Education Act ("IDEA"). The Defendants now move to dismiss the Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), or in the alternative, for summary judgment.

## II. Legal Standard

The Eleventh Circuit has considered motions to dismiss for failure to exhaust administrative remedies as motions to dismiss for lack of subject matter jurisdiction.[6]

---

[1] Compl. ¶¶ 3, 6-7.

[2] Id. ¶ 11.

[3] Id.

[4] Id. ¶ 12.

[5] Id. ¶¶ 12-15.

[6] Babicz v. School Bd. of Broward Cnty, 135 F.3d 1420, 1421 (11th Cir. 1998).

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute.[7] Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks."[8] Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."[9] On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion.[10]

"'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'"[11] The presumption of truthfulness does not attach to the plaintiff's allegations.[12] Further, "the existence of disputed

---

[7] FED. R. CIV. P. 12(b)(1).

[8] Garcia v. Copenhaver, Bell & Assocs., M.D.'s, 104 F.3d 1256, 1261 (11th Cir. 1997); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

[9] Lawrence, 919 F.2d at 1529 (quoting Menchaca v. Chrysler Credit, 613 F.2d 507, 511 (5th Cir. 1980)).

[10] Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).

[11] Lawrence, 919 F.2d at 1529 (quoting Menchaca, 613 F.2d at 511).

[12] Id.

material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[13]

### III. Discussion

The Plaintiff brings claims under the ADA and the Rehabilitation Act, alleging that the Defendants failed to provide a school facility accessible to John Doe. The Defendants now move to dismiss on the ground that the Plaintiff has failed to exhaust her administrative remedies, as required under the IDEA. The purpose of the IDEA is to ensure "that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living . . . ."[14] Under the IDEA, a plaintiff is required to exhaust his administrative remedies before filing a claim in federal or state court.[15] This is true even if the plaintiff brings no claims under the IDEA and instead claims only under the ADA or the Rehabilitation Act.[16]

---

[13] Scarfo v. Ginsberg, 175 F.3d 957, 960-61 (11th Cir. 1999).

[14] 20 U.S.C. § 1400(d)(1)(A).

[15] 20 U.S.C. § 1415(l).

[16] Id.; Babicz v. School Bd. of Broward Cnty, 135 F.3d 1420, 1422 (11th Cir. 1998).

T:\ORDERS\14\Davis\14cv2192\mtdtwt.wpd        -4-

material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[13]

### III. Discussion

The Plaintiff brings claims under the ADA and the Rehabilitation Act, alleging that the Defendants failed to provide a school facility accessible to John Doe. The Defendants now move to dismiss on the ground that the Plaintiff has failed to exhaust her administrative remedies, as required under the IDEA. The purpose of the IDEA is to ensure "that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living . . . ."[14] Under the IDEA, a plaintiff is required to exhaust his administrative remedies before filing a claim in federal or state court.[15] This is true even if the plaintiff brings no claims under the IDEA and instead claims only under the ADA or the Rehabilitation Act.[16]

---

[13] Scarfo v. Ginsberg, 175 F.3d 957, 960-61 (11th Cir. 1999).

[14] 20 U.S.C. § 1400(d)(1)(A).

[15] 20 U.S.C. § 1415(l).

[16] Id.; Babicz v. School Bd. of Broward Cnty, 135 F.3d 1420, 1422 (11th Cir. 1998).

Here, the Plaintiff argues that she was not required to exhaust administrative remedies because her claim is not related to John Doe's education, but rather to his access to school facilities, which, she argues, does not fall under the IDEA. The Eleventh Circuit, however, has found that the IDEA applies to a broad spectrum of claims – including "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free and appropriate public education to such child."[17] For example, where the issue was whether a school was required to allow access to oxygen and inhalers for children with severe asthma, the plaintiffs were required to exhaust their administrative remedies.[18] Additionally, the Eleventh Circuit has found that parents must exhaust administrative remedies under the IDEA before bringing their own personal retaliation claims, even though those claims cannot be brought under the IDEA.[19]

There is no dispute here that the Plaintiff did not exhaust the administrative remedies available, instead the Plaintiff simply argues that she was not required to exhaust those remedies. The matter here relates to the provision of a free and

---

[17] J.P. v. Cherokee Cnty. Bd. of Educ, 218 Fed. Appx. 911, 913 (11th Cir. 2007).

[18] Babicz, 135 F.3d at 1421 n.6.

[19] M.T.V. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1558 (11th Cir. 2006).

appropriate education to John Doe, like the access to inhalers in <u>Babicz</u>. Because the matter relates to Doe's education, the Plaintiff is required to exhaust administrative remedies under the IDEA. The Plaintiff's claims should therefore be dismissed without prejudice for lack of subject matter jurisdiction.

## IV. Conclusion

For the reasons stated above, the Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies, or in the Alternative, Motion for Summary Judgment [Doc. 8] is GRANTED.

SO ORDERED, this 20 day of January, 2015.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge